E-FILED
Tuesday, 28 February, 2012  11:41:08 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GARY BOYLES,
    Plaintiff,

vs.                                                                     11-4080

STEVEN HAYNES and TROY HOWL,
    Defendants.

MERIT REVIEW ORDER #2

On January 11, 2012, the court dismissed the Plaintiff's first amended complaint as a violation of Rule 8 of the Federal Rules of Civil Procedure. *See* January 11, 2012 Merit Review Order. The court found that the Plaintiff's complaint was a series of vague accusations that were not sufficient to put the Defendants on notice of the claims against them. Therefore, the court gave the pro se Plaintiff additional time to file a second amended complaint. The court also provided specific instructions for the Plaintiff to follow in filing his new complaint. *See* January 11, 2012 Merit Review Order, p. 2-3.

The Plaintiff has now filed a motion for leave to file his second amended complaint. [d/e 21]. The motion is granted pursuant to Rule 15 of the Federal Rules of Civil Procedure. The court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's second amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff has again filed his complaint pursuant to 42 U.S.C. §1983 against two individuals at the Henderson County Jail: Sheriff Steve Haynes and Jailer Troy Howl. The court notes that the Plaintiff had previously identified Defendant Thereasa Thompson, but makes no mention of this individual in his second amended complaint. Therefore, the court will dismiss Defendant Thompson.

The Plaintiff makes several claims in his complaint. First, the Plaintiff alleges that the two Defendants knew he suffered with arthritis, but refused to allow him to see a doctor or obtain medication, causing him to suffer in pain for approximately one month. To establish a violation of the Eighth Amendment, the Plaintiff must pass a two prong test. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). The first prong of the test requires the Plaintiff to demonstrate that the alleged deprivation was sufficiently serious. *Farmer v Brennan,* 511 U.S. 825, 834 (1994); *see also Rodriguez v Plymouth Ambulance Service*, 577 F.3d 816, 830 (7th Cir. 2009)("the turning of a blind eye to the legitimate medical needs of a prisoner-patient, including his complaints of pain, can constitute a

1

violation of the Eighth Amendment."); *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (delays in treating non-life-threatening but painful conditions constitute a failure to address a serious medical need).

The second prong of the Eighth Amendment test requires the Plaintiff to show that the Defendants acted with deliberate indifference. *Farmer,* 511 U.S. at 828. "[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." *Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir. 1997)(citing *Farmer* at 840-42)  Inadequate medical treatment due to negligence or even gross negligence does not support an Eighth Amendment violation. *Shockley v Jones*, 823 F.3d 1068, 1072 (7th Cir. 1987). In addition, inmates are not entitled to a specific type of treatment, or even the best care, only reasonable measures to prevent a substantial risk of serious harm. *Forbes v. Edgar,* 112 F.3d, 262, 267 (7th Cir. 1997).

Finally, "[a]n inmate who complains that a delay in medical treatment arose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Langston v. Peters,* 100 F.3d 1235, 1240 (7th Cir. 1996).  However, "a  non-trivial delay in treating serious pain can be actionable even without expert medical testimony showing that the delay aggravated the underlying condition." *Berry v. Peterman,* 604 F.3d 435, 441 (7th Cir. 2010) *citing Grieveson v Anderson*, 538 F.3d 763, 779 (7th Cir. 2008)(reversing summary judgment for defendants where plaintiff did not receive treatment for painful broken nose for nearly two days).

It is not clear from the Plaintiff's complaint whether he suffered from a serious medical condition, but for the purposes of notice pleading the court finds the Plaintiff has articulated a violation of his Eighth Amendment rights. *See Norfleet v Webster*, 439 F.3d 392 (7th Cir. 2006)(arthritis is serious medical condition); *see also Williams v Cook County Medical Staff*, 1991 WL 181072 at 3, Fn 2 (N.D.Ill Sept. 11, 1991)("Arthritis can be a severely debilitating condition.").

The Plaintiff also alleges that the Henderson County Jail did not have law books available for inmates to work on their cases.  The Plaintiff has failed to state a violation of his constitutional rights.  The Supreme Court has long recognized a prisoner's fundamental right of access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977); *see also Lewis v. Casey*, 518 U.S. 343, 350 (1996).  However, an inmate will not have a valid claim unless the defendants' conduct prejudiced a potentially meritorious challenge to his conviction, sentence, or conditions of confinement. *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir.2009); *Lewis v. Casey*, 518 U.S. 343, 352-53,(1996).  Therefore, a prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir.2006).

The Plaintiff's complaint makes no claim of any actual injury caused by the denial of law books.  More importantly,  the Plaintiff admits that he was represented by counsel. (Sec. Am. Comp, p. 5, public defender).  When a pretrial detainee "is represented by counsel, a jail need not also provide him access to legal materials." *Felder v Laporte County Jail*, 2006 WL 1518978 at 2 (N.D.Ind. May 25, 2006) *citing Martin v Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988)(affirming dismissal of pretrial detainee's claim of lack of access to legal materials because he "was represented by counsel on his criminal charges."). Therefore, the Plaintiff has failed to state a claim based on the denial of law books.

The Plaintiff also alleges that Trustee Chris Johnson was passing out medications on September 28, 2011, and gave him the wrong medication.  The Plaintiff provides no further information concerning this claim.  The Plaintiff has failed to state a violation of his constitutional rights based on the allegations in his complaint.   First, the Plaintiff has not indicated how either Defendant was responsible for this incident.   Second, the Plaintiff does not clearly allege that he was intentionally given the wrong medication or that anyone intended to cause the Plaintiff harm. *See Coleman v Robinson*, 1992 WL 71792 at 2 (N.D.Ill April 1, 1992)(giving inmate wrong medication by mistake does not state a constitutional violation); *see also Clark v Pocahontas Correctional Center*, 2011 WL 772734 at 1(W.D.Va. Feb. 28, 2011)("ordinary lack of due care" in dispensing medications does not state a claim).   Section 1983 does not punish state actors for merely negligent conduct. *See Daniels v. Williams*, 474 U.S. 327, 320-21(1986); *see also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996)("Mere negligence or even gross negligence does not constitute deliberate indifference."). Therefore, the Plaintiff has failed to state a constitutional violation based on this incident.

The Plaintiff also makes several claims concerning the conditions of his confinement.  The Plaintiff alleges that jail staff refused to launder his clothes after "a few days," there was mold in the showers and he needed to be able to "move around" more apparently due to his arthritis. (Sec.Amd. Comp., p. 6-7) The Plaintiff also alleges that he "never had water in the sink." (Sec. Amd. Comp., p 6).  Its not entirely clear to the court what the Plaintiff means by this allegation.  Was there no water at all, or was the Plaintiff unable to fill his sink with water? Did the Plaintiff have access to any water?  If the Plaintiff was without any water for more than a short time, its possible he could state a constitutional violation.  However, the Plaintiff's claim is not clear from the allegation in his complaint.

In all cases, the determination as to whether prison conditions constitute cruel and unusual punishment turns on the totality of the circumstances." *DeMallory v. Cullen,* 855 F.2d 442, 445 (7th Cir. 1988)  In addition, the Seventh Circuit has made clear that the "mere fact that pretrial detention interferes with a person's desire to live comfortably and free from restraint does not, without more, make the conditions of that confinement unconstitutional." *Board v. Farnham*, 394 F.3d 469, 477 (7th Cir. 2005).   The Plaintiff must also establish two elements to demonstrate that his living conditions violated the Eighth Amendment.  First, the Plaintiff must demonstrate that the alleged deprivation was "sufficiently serious." *Wilson v Seiter*, 501 U.S.

294, 297 (1991). Only conditions involving the denial of the "minimal civilized measure of life's necessities" rise to the level of a constitutional violation. *Rhodes v Chapman*, 452 U.S. 337, 346 (1981). Second, the Plaintiff must show that the Defendant acted with deliberate indifference. *Farmer v Brennan*, 511 U.S. 825, 828 (1994). "[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." *Mathis v Fairman*, 120 F.3d 88, 91 (7th Cir. 1997) *citing Farmer*, 511 U.S. at 840-41.

The Plaintiff has failed to articulate a violation of his constitutional rights. Even after the court specifically admonished the Plaintiff to provide information concerning his claims, the Plaintiff has still failed to state how long these incidents occurred or what impact each condition had on the Plaintiff . *See* January 12, 2012 Merit Review Order, p 2-3. The only impact alleged by the Plaintiff is his claim that he had "jock itch" apparently due to the mold in the showers. (Sec.Amd.Comp., p. 7). The allegations as stated in the Plaintiff's complaint simply do not rise to the level of a constitutional violation. *see Stone-El v. Sheahan*, 914 F.Supp. 202, 206 (N.D. Ill. 1995)(jail inmate who was subjected to such conditions as having to sleep on the floor without a mattress; frequently having no toilet paper; receiving only two clothing changes in two months; seeing rats in the jail; and having poor ventilation at the jail failed to allege conditions egregious enough to constitute unconstitutional punishment); *Lapine v Caruso*, 2011 WL 588774 at 5 (W.D.Mich, Feb. 10, 2011)(collecting cases for proposition that "mild to moderate symptoms from allergic reactions to common allergens like dust, mold and mildew do not rise to constitutional dimension."); *Satterly v Himelick*, 2007 WL 4379211 (N.D. Ind. Dec. 10, 2007)(plaintiff's claims that showers contained mold and laundry bags provided twice a week insufficient to state Eighth Amendment claim);*Harris v Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988)(depriving prisoner of toilet paper, soap, toothpaste and toothbrush while keeping him in filthy, roach-infested cell for a period of several days was not a constitutional violation).

**IT IS THEREFORE ORDERED:**

**1) The Plaintiff's motion for leave to file his second amended complaint is granted pursuant to Rule 15 of the Federal Rules of Civil Procedure [d/e 21].**

**2)Pursuant to its merit review of the second amended complaint under 28 U.S.C. Section 1915A, the court finds that Plaintiff alleges that Sheriff Steve Haynes and Jailer Troy Howl violated his Eighth Amendment rights when they were deliberately indifferent to the Plaintiff's serious medical condition. The Plaintiff alleges the Defendants knew about his arthritis condition, but refused to allow him to see a doctor or obtain medications for approximately one month causing him to suffer in pain. The claim is against the Defendants in their individual capacities only.**

**3)  All other claims based on federal law, other than those set forth in paragraph two  above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.  The clerk of the court is therefore directed to dismiss Defendant Thereasa Thompson**

**4)  This case shall proceed solely on those federal claims identified in paragraph two above.  Any claims not set forth in paragraph two above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**5) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**6)  The Defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

Entered this 28th Day of February, 2012.

s/Sara Darrow

_____

SARA DARROW

UNITED STATES DISTRICT JUDGE